## Henry B. Farnham *vs.* Gilman Cram *&* al.

A declaration, averring that the plaintiff as an officer had attached goods on mesne process, and had delivered them to the defendant for safe keeping, taking his promise in writing to redeliver them, in consideration thereof, to the plaintiff on demand, and also averring a demand of the goods and a refusal to deliver them, is a good declaration.

The declaration in case described the plaintiff, as a late deputy sheriff, and alleged, that the defendants at *Bangor*, on *May* 30, 1836, by their memorandum in writing of that date, in consideration that they had received of the plaintiff certain goods, wares and merchandize of the value of $400, the same having been attached by the plaintiff as the property of said *Cram*, on a writ in favor of *N. O. Pillsbury*, and for the further consideration of one dollar paid the defendants, they jointly and severally promised and agreed to keep the property safely and deliver the same free of expense to the plaintiff or his order, or his successor in office. The declaration then set forth a due demand of the property and refusal to deliver it, *July* 4, 1836. The defendants demurred to the declaration, assigning as special causes the following.

1. The plaintiff has not alleged, that any judgment had ever been rendered against said *Cram*, in favor of said *Pillsbury*.

2. That the declaration does not allege, that any execution had ever issued in favor of *Pillsbury* against *Cram*.

3. That the declaration does not allege, that the plaintiff had in his hands an execution in favor of *Pillsbury* against *Cram*, at the time of the alleged demand of the property.

There was a joinder in demurrer.

*J. Godfrey* argued in support of the special causes of demurrer.

*M. L. Appleton,* for the plaintiff, said that the action was not founded on any statute provision, but on a contract set out in the declaration with a breach of it alleged. The Reports are full of cases in which the legality of such contracts are recognized. The question of damages is not now before the Court. The only enquiry is whether the declaration sets forth a good cause of action. He cited *Miller* v. *Clark,* 8 *Pick.* 412; *Bond* v. *Padelford,* 13 *Mass. R.* 394; *Whittier* v. *Smith,* 11 *Mass. R.* 211.

The opinion of the Court was delivered by

WESTON C. J. — The execution of the instrument set forth in the writ, and the demand of the goods averred in the declaration, are admitted by the demurrer. This entitles the plaintiff to maintain his action. *Bond* v. *Padelford,* 13 *Mass. R.* 394. The contract was lawful; and both that and the breach are to be regarded as established. Upon a hearing in damages, if it shall appear that the receiptors acted in behalf of the debtor, and that the goods went to his use, the plaintiff will be entitled only to nominal damages, if the attachment has been dissolved, or the plaintiff is no longer liable to the attaching creditor. But if the attachment has been preserved, and the plaintiff is still liable, he will be entitled to judgment to the extent of his liability, not exceeding the value of the goods stated in the receipt.